TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **EASTERN DISTRICT OF PENNSYLVANIA** <br> ----------------------------------------------------------X <br> YE MING HUANG, <br> *on his own behalf and on behalf of others similarly situated* <br>           Plaintiff, <br>        v. <br> SAKURA MANDARIN INC <br>  f/d/b/a Sakura Mandarin <br>  d/b/a Bai Wei; <br> CHILI BAMBOO LLC <br>  d/b/a Spice 28; and <br> DESSERT POP INC <br>   d/b/a A La Mousse <br> WEN HE WANG <br>  a/k/a Wenhe Wang, <br> JACK CHEN <br> ANNA CHEN <br>          Defendants. <br> ----------------------------------------------------------X | **Case No. 21-cv-03757** <br><br> **29 U.S.C. § 216(b)** <br> **COLLECTIVE ACTION &** <br> **FED. R. CIV. P. 23 CLASS** <br> **ACTION** <br><br><br> **COMPLAINT** |

    Plaintiff YE MING HUANG (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; DESSERT POP INC d/b/a A La Mousse; WEN HE WANG a/k/a Wenhe Wang; JACK CHEN and ANNA CHEN, and alleges as follows:

## INTRODUCTION

    1.  This action is brought by the Plaintiff YE MING HUANG, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the

Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA"); and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and PAMWA and WPCL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages (2) liquidated damages, (3) prejudgment and post-judgement interest; and/or (4) attorney's fees and cost.

4. Plaintiff further alleges pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) pre-judgment and post-judgment interest, and (3) attorney's fees and/or costs.

5. Plaintiff further alleges pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.* that he was not notified of the following: (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee, a third party, or a fund for the benefit of the employee; and is entitled to recover from the Defendants: (1) unpaid overtime wages compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the Pennsylvania Minimum Wage Act claims and Pennsylvania Wage Payment and Collection Law claims, pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. From on or about June 18, 2018 to May 23, 2021, Plaintiff YE MING HUANG was employed by Defendants to work as a Chef for Defendants at 1038 Race Street Philadelphia, PA 19107.

## DEFENDANTS

*Corporate Defendants*

9. Defendant SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 1038 Race Street Philadelphia, PA 19107.

10. Sakura Mandarin is the former doing business name for SAKURA MANDARIN INC d/b/a Bai Wei.

11. JACK CHEN is the owner of corporate Defendant which has done business as Sakura Mandarin in the past and curently does business as Bai Wei.

12. SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei purchased and handled goods moved in interstate commerce.

14. Defendant CHILI BAMBOO LLC d/b/a Spice 28 is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 1228 Chestnut Street Philadelphia, PA 19107.

15. CHILI BAMBOO LLC d/b/a Spice 28 is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16. CHILI BAMBOO LLC d/b/a Spice 28 purchased and handled goods moved in interstate commerce.

17. Defendant DESSERT POP INC d/b/a A La Mousse is a domestic business corporation organized under the law of the State of Pennsylvania with a principal address at 145 N 11th Street Philadelphia, PA 19107.

18. Additionally Corporate Defendant DESSERT POP INC d/b/a A La Mousse has two additional locations located at 920 Montgomery Avenue Penn Valley, PA 19072 and 1622 South Street Philadelphia, PA 19146 operate under the same name.

19. DESSERT POP INC d/b/a A La Mousse is a business engaged in interstate commerce that has a gross sales in excess of five hundred thousand dollars ($500,000) per year.

20. DESSERT POP INC d/b/a A La Mousse purchased and handled goods moved in interstated commerce.

*Owner/Operator Defendants*

21. WEN HE WANG known as Operating Boss and Head of Kitchen to Plaintiff and President of SAKURA MANDARIN, INC f/d/b/a Sakura Mandarin d/b/a Bai Wei on the Certificate of Incorporation, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse.

22. WEN HE WANG actually hired the Plaintiff.

23. WEN HE WANG actually paid the Plaintiff.

24. WEN HE WANG actually supervised the Plaintiff on a day to day basis.

25. WEN HE WANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally liable with SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse.

26. JACK CHEN known as Big Boss to Plaintiff and Vice President of SAKURA MANDARIN, INC f/d/b/a Sakura Mandarin d/b/a Bai Wei on the Certificate of Incorporation, owner of CHILI BAMBOO LLC d/b/a Spice 28, and part owner of DESSERT POP INC d/b/a A La Mousse (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP

INC d/b/a A La Mousse.

27. JACK CHEN actually supervised the Plaintiff.

28. For a time in 2018, JACK CHEN actually paid the Plaintiff.

29. In the beginning of Plaintiff's employment beginning on or about June 18, 2018, WEN HE WANG paid all Defendants' employees at SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei.

30. Subsequently, also in 2018, JACK CHEN began to pay all of Defendants' employees at SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei. WEN HE WANG has paid all Defendants' employees at SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei.

31. JACK CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally with SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse.

32. ANNA CHEN known as part Owner and Manager of DESSERT POP INC d/b/a A La Mousse (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse.

33. ANNA CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43

P.S.§ 260.1 and the regulations thereunder, and is jointly and severally with SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse.

34. Upon information and belief, JACK CHEN and ANNA CHEN are husband and wife.

35. Upon information and belief, JACK CHEN and ANNA CHEN jointly own and manage SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei and DESSERT POP INC d/b/a A La Mousse.

## STATEMENT OF FACTS

### Corporate Defendants Constitute as Enterprise

36. Upon information and belief, Corporate Defendant SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse are joint employers of Plaintiff and constitute an enterprise as the term defined by 29 USC §203 (r) insofar as they share staff, including Plaintiff, pay Plaintiff for the work preformed at the enterprise, and are otherwise engaged in related activity preformed through uniformed operation and/or common control for a common business purpose, and are co-owned by the same partners.

37. At relevant times herein, SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

38. Upon information and belief, all three corporate Defendants are owned by Individual Defendant JACK CHEN.

39. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28 and DESSERT POP INC d/b/a A La Mousse.

40. Additionally, a worker from Fujian, Fuzhou was dispatched to work for DESSERT POP INC d/b/a A La Mousse from SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei during the COVID 19 Pandemic to work as a pastry chef helper.

41. Furthermore, coworker Fujian worked at CHILI BAMBOO LLC d/b/a Spice 28 before working as a waiter at SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei

42. Additionally, when SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei lost electricity, the workers for SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei went to CHILI BAMBOO LLC d/b/a Spice 28 for dinner and the dinner was free.

43. Corporate Defendants SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei and CHILI BAMBOO LLC d/b/a Spice 28 shared utensils, such as Noddles and other food ingredaints.

44. Corporate Defendants SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei and DESSERT POP INC d/b/a A La Mousse shared utensils and materials such as eggs and oil and this sharing of utensils would happen at least once or twice a week.

45. Furthermore, Plaintiff states that the Employees for DESSERT POP INC d/b/a A La Mousse daily meals that they ate were made by Corporate Defendant SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei

46. When a SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei customer orders a cake, the SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei

waitstaff would go to A La Mousse to pick up the cake to bring to the customer at SAKURA MANDARIN f/d/b/a Sakura Mandarin d/b/a Bai Wei . The cake purchase would appear on the SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei check. This would take place at least once a day according to the plaintiff but sometimes more

47. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by SAKURA MANDARIN INC f/d/b/a Sakura Mandarin d/b/a Bai Wei; and CHILI BAMBOO LLC d/b/a Spice 28.

## Wage and Hour Policies

48. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

49. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the federal and state minimum wage for each hour worked.

50. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

51. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

52. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

53. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

54. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

55. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff Ye Ming Huang*

56. From on or about June 18, 2018 to May 23, 2021, Plaintiff YE MING HUANG was employed by Defendants to work as a Chef at 1038 Race Street, Philidelphia, PA 19107.

57. From July 15, 2018 to August 28, 2018, Plaintiff YE MING HUANG did not work due to the restaurant going through renovations.

58. From March 15, 2020 to September 01, 2020, Plaintiff YE MING HUANG did not work due to the COVID 19 Pandemic

59. From on or about June 18, 2018 to May 23, 2021, excluding the times that plaintiff did not work due to Restaurant Renovations and the COVID 19 Pandemic, Plaintiff YE MING HUANG's regular work schedule was as follows:

   a. 11:00 to 22:30 Tuesday through Thursday for three (3) days per week for thirty four and a half (34.5) hours.

   b. 11:00 to 23:00 Friday and Saturday for two (2) days per week for twenty four (24) hours.

      c. 11:00 to 23:30 Sunday for Eleven and a half (11.5) hours

      d. Totally, Plaintiff worked a total six (6) days per week resulting in seventy (70) hours of work each week.

60. At all relevant times, Plaintiff YE MING HUANG did not have a fixed time for lunch or for dinner.

61. At all relevant times, Plaintiff YE MING HE had no break. Instead, Plaintiff YE MING HUANG had 10 minutes to eat and even then, he was on call, meaning that if customer's order came, his break stopped and he had to cook the customers food.

62. From on or about June 18, 2018 to July 15, 2018, Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand dollars ($4000.00) per month.

63. From on or about August 28, 2018 to September 01, 2019 , Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand two hundred dollars ($4200.00) per month.

64. From on or about September 01, 2019 to March 15, 2020, Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand four hundred dollars ($4400.00) per month.

65. From on or about September 01, 2020 to May 23, 2021, Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand dollars ($4000.00) per month.

66. At all relevant times, Plaintiff YE MING HUANG was not paid overtime pay for overtime work.

67. At all relevant times, Plaintiff YE MING HUANG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

68. Throughout his employment, Plaintiff YE MING HUANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

69. Throughout his employment, Plaintiff YE MING HUANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

70. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

71. Plaintiff brings his Pennsylvania Minimum Wage Act of 1968 claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

72. All said persons, including Plaintiff, are referred to herein as the "Class."

73. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and

worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

74. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

75. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the PAMWA;

    b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage under the PAMWA;

    c. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the PAMWA;

    d. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

    e. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

76. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

77. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

78. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the

expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

79. Upon information and belief, Defendants and other employers throughout the state violate the PAMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

82. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

83. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

84. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

85. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

86. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

87. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of Pennsylvania Minimum Wage Act—Unpaid Overtime Brought on behalf of Plaintiff and Rule 23 Class]

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. Under the PAMWA Article 43, §§333.105(a)-(c), et seq, and the supporting Pennsylvania Department of Labor Regulations & industry regulations, defendants are required to pay Plaintiff and Rule 23 Class members one and one half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

90. Defendants have failed to pay Plaintiff and Rule 23 Class members the overtime to which they are entitled under the PAMWA.

91. Defendants have willfully violated the PAMWA by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class Members overtime wages.

92. Due to Defendants' willful violations of the PAMWA, Plaintiff and the Rule 23 Class Members were entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

93. Defendants' failure to pay Plaintiff were not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and PAMWA;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and PAMWA due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) under PA Wage Payment and Collection Law.

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and PA S.B. 73;

i) An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 6% simple prejudgment interest provided by WPCL, post-judgment interest, and attorney fees and costs;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: August 23, 2021
Flushing, New York

> TROY LAW, PLLC
> *Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*
>
> /s/ C. D. Thomas
> C. D. Thomas
> PA Bar: 54696
> 41-25 Kissena Boulevard, Suite 103
> Flushing, NY 11355
> Tel: (718) 762-1324
> troylaw@troypllc.com