IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YE MING HUANG, : 
        *Plaintiff* : CIVIL ACTION
         :
v. :
         :
SAKURA MANDARIN, INC. *et al.*, : No. 21-3757
        *Defendant* :

## MEMORANDUM

PRATTER, J.                                                                                                  JUNE 7, 2022

        Ye Ming Huang claims that a restaurant underpaid him and his co-workers. He now seeks to bring a collective action under the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.*, against that restaurant, plus two other restaurants owned by the same people. But Mr. Huang has not plausibly pled that the three restaurants form a single integrated enterprise, such that the other two restaurants can be held liable for the violations by the restaurant that actually employed him. Nor has Mr. Huang plausibly pled that Anna Chen, one of the restaurants' owners, actually supervised him. The Court thus dismisses these two other restaurants and Ms. Chen from this suit, but without prejudice to Mr. Huang seeking leave to file an amended complaint.

### BACKGROUND

        Ye Ming Huang worked as a chef at Bai Wei, a restaurant operated by Sakura Mandarin Inc. He worked 70 hours a week and made about $4,000 per month. He was never given an hourly pay rate, nor told of tip deductions towards his wages. And he never received a pay stub in Chinese, his native language.

        To recover for these purported Fair Labor Standards Act ("FLSA") violations, Mr. Huang has sued Bai Wei, its owner Jack Chen, and its manager Wen He Wang. He has also sued Jack Chen's wife, Anna Chen, who co-owns Bai Wei. And he has sued two other restaurants owned by

1

the Chens: the bakery A La Mousse, operated by Dessert Pop Inc., and the restaurant Spice 28, operated by Chili Bamboo LLC.

Mr. Huang never worked at A La Mousse or Spice 28. But, according to Mr. Huang, these three restaurants worked in concert. The restaurants shared some ingredients, supplies, and even products. For example, if a slice of cake is ordered for dessert at Bai Wei, an employee goes to A La Mousse to pick it up and brings it to the customer, and the cake appears on the bill at Bai Wei. One employee worked at Spice 28 before moving to Bai Wei. Another worked at Bai Wei before moving to A La Mousse. Employees at A La Mousse received daily meals made at Bai Wei. One time, when the power went out at Bai Wei, the employees went to Spice 28 for a free dinner.

Because Mr. Huang never worked at Spice 28 or A La Mousse, those restaurants have asserted that they are not Mr. Huang's employer and so cannot be held liable to him under the FLSA. Likewise, Anna Chen claims that she does not count as his employer because she never supervised him. All three have moved for judgment on the pleadings.

## LEGAL STANDARDS

The plaintiff must set out in a complaint "a short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), complete with specific allegations of wrongdoing and "enough facts" to make his claim "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In his answer, the defendant must "admit or deny [these] allegations" and "state in short and plain terms its [affirmative] defenses." Fed. R. Civ. P. 8(b)(1). Once these pleadings have been filed, if the defendant "is entitled to judgment as a matter of law" based on the facts and law laid out in the pleadings, the Court must grant judgment on the pleadings. *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019)

2

(internal quotation marks omitted). In assessing the pleadings, the Court takes the non-movant's well-pled factual allegations as true and draws all reasonable inferences in his favor. *Id.*

## DISCUSSION

Under the FLSA, an employer may not underpay its employees. An employee is someone who "work[s]," or does something in exchange for pay. 29 U.S.C. § 203(g). His employer is the one to benefit from this work. That includes both the entity that pays the paycheck and "any [other] person[s] acting directly or indirectly" in that entity's interest "in relation to an employee." 29 U.S.C. § 203(d). The restaurants Spice 28 and A La Mousse and owner Anna Chen have all moved for judgment on the pleadings, asserting that they do not count as Mr. Huang's employer under the FLSA because they did not pay or supervise him or otherwise fall within the reach of the FLSA as to Mr. Huang. The Court grants their motion and dismisses them from the case without prejudice.

### I. Mr. Huang has not plausibly pled that Bai Wei, Spice 28, and A La Mousse form a single integrated enterprise

For an employer to be liable for not paying someone, that person must have actually worked for the employer. Mr. Huang never worked at or received a paycheck from Spice 28 or A La Mousse. So, the two restaurants reason, they cannot count as Mr. Huang's employer. Mr. Huang counters that these two restaurants formed a single integrated enterprise with Bai Wei, such that these two restaurants should be held responsible for Bai Wei's violations. Though conceivably the three restaurants *could* be held liable on this enterprise theory, Mr. Huang has not plausibly pled that the three restaurants *did* act as a single integrated enterprise.

Under the FLSA, one employer typically cannot be held liable for the actions of another. *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993). Sometimes, however, a court must pierce the corporate veil to "prevent fraud, illegality, or injustice," or to further "public policy." *Pearson v. Component Tech. Corp.*, 247 F.3d

3

471, 484 (3d Cir. 2001). In the labor context, there is a particular type of veil-piercing for so-called single integrated enterprises, in which "nominally separate" employers count as "part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer." *NLRB v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982).

In such enterprises, the entities do not operate "at arm's length." *Pearson*, 247 F.3d at 491. Their operations are so "integrated" that they function as a single unit. *Browning-Ferris*, 691 F.2d at 1121; *accord NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 402 (1960). One member's actions are "attributable" to the others. *Engelhardt v. S.P. Richards Co., Inc.*, 472 F.3d 1, 4 n.2 (1st Cir. 2006). The members are separate entities in name only. *Browning-Ferris*, 691 F.2d at 1122.

In such an enterprise, the entities "are jointly and severally liable for remedying unfair labor practices committed by either of them." *Grane Health Care v. NLRB*, 712 F.3d 145, 150 (3d Cir. 2013). In other words, the underpaid employee can sue both his nominal employer and its integrated affiliates in the enterprise. The goal, as with all veil-piercing, is to prevent the entities from using their "formally separate legal existence[s] as a shield against liability for [their] collective violations" of labor law. *Martin v. Lincor Eatery, Inc.*, 423 F. Supp. 3d 432, 437 (E.D. Mich. 2019).

### A. Sibling companies can be held jointly and severally liable as a single integrated enterprise

Though approving of this veil-piercing test in other labor contexts, the Court of Appeals for the Third Circuit has not yet applied this test to the FLSA to permit employees to hold liable companies that are not their nominal employer. At least one other court of appeals has permitted it, however. *See Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015). District courts within the Third Circuit have too. *See, e.g., Xiao v. Sichuan Gourmet LLC*, No. 21-cv-482,

2022 WL 819096, at *9 (W.D. Pa. Mar. 18, 2022).[1] So have district courts across the country. *See, e.g., Martin*, 423 F. Supp. 3d at 438–40.[2] But one court of appeals and several district courts have ruled to the contrary. *See Patel v. Wargo*, 803 F.2d 632, 635–37 (11th Cir. 1986); *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 414–15 (D. Md. 2013).[3] This Court joins the first group as articulating the more compelling analysis and rules that employees may hold all the members of a single integrated enterprise accountable for the FLSA violations of a single member. But, of course, the particular facts of the case must merit it.

The FLSA operates against the backdrop of corporate law, including the longstanding doctrine of veil-piercing. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475–76 (2003); *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629 (1983). The single-integrated-enterprise test is simply a veil-piercing test designed for labor disputes.

Traditional veil-piercing focuses on disrespect for the nominal corporate form, as demonstrated through inadequate capitalization, or a failure to hold board meetings, or commingling of funds, or common decision-makers, or a non-payment of dividends. 1 William Fletcher, *Cyclopedia of the Law of Corporations* § 41 (Sept. 2021). But this focus on the corporate form carries less weight in the labor and employment context, which cares far more about common management and shared employment policies. Reflecting this, the single-integrated-enterprise test

---

[1] *See also Jackson v. Art of Life, Inc.*, 836 F. Supp. 2d 226, 236 (E.D. Pa. 2011); *Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 564–65 (E.D. Pa. 2011)

[2] *See also Marsteller v. Butterfield 8 Stamford LLC*, No. 14-cv-1371, 2017 WL 4286364, at *3 (D. Conn. Sept. 27, 2017); *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367–68 (S.D.N.Y. 2014); *Perez-Benites v. Candy Brand, LLC*, No. 7-cv-1048, 2011 WL 1978414, at *11 (W.D. Ark. May 20, 2011); *Lindberg v. UHS of Lakeside, LLC*, No. 10-cv-2014, 2010 WL 11678238, at *2–3 (W.D. Tenn. Aug. 19, 2010); *Anderson v. Theriault Tree Harvesting, Inc.*, No. 8-cv-330, 2010 WL 323530, at *9–10 (D. Me. Jan. 20, 2010); *Takacs v. Hahn Auto. Corp.*, No. 95-cv-404, 1999 WL 33117265, at *4–5 (S.D. Oh. Jan. 4, 1999).

[3] *See also Arif v. Bashir*, No. 20-cv-2704, 2021 WL 1147582, at *4 (S.D. Tex. Mar. 10, 2021); *Heuberger v. Smith*, No. 16-cv-386, 2017 WL 3923271, at *12–14 (N.D. Ind. Sept. 7, 2017); *Lovett v. SJAC Fulton IND I, LLC*, No. 14-cv-983, 2016 WL 4425363, at *11 n.18 (N.D. Ga. Aug. 22, 2016); *Joaquin v. Coliseum Inc.*, No. 15-cv-787, 2016 WL 3906820, at *5 (W.D. Tex. July 13, 2016); *Barth v. Border Foods, Inc.*, No. 10-cv-305, 2012 WL 12895688, at *5–6 (D. Minn. Mar. 19, 2012).

shifts the focus for veil-piercing from "corporate formalities" to the "economic realities" of employment. *Pearson*, 247 F.3d at 486. It asks not how the companies are structured but how they acted with respect to their employees. *Id.* For that reason, courts have used the test in many labor and employment contexts. *See, e.g., Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, Gen. Truck Drivers, Off., Food & Warehouse Local 952 v. Am. Delivery Serv. Co.*, 50 F.3d 770, 776 (9th Cir. 1995) (Labor Management Relations Act); *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983) (Title VII); *York v. Tenn. Crushed Stone Ass'n*, 684 F.2d 360, 362 (6th Cir. 1982) (ADEA); *see also* 29 C.F.R. § 825.104 (FMLA).

The FLSA is certainly compatible with this special veil-piercing test. The FLSA explicitly contemplates that related companies might be liable for each other's actions, broadly defining "employer" as a "partnership, association, ... or *any organized group of persons*" that "act[s] directly or *indirectly* in the interest of" the company that actually hired the employee. 29 U.S.C. § 203(a), (d) (emphases added).

Plus, the FLSA itself sets out a near-identical test for a different context. To be covered by the FLSA, an individual either must be personally involved in interstate commerce, or he must work for an "enterprise" that does. 29 U.S.C. § 206(a). To count as an enterprise, the multiple "establishments" must engage in "related activities performed ... for a common business purpose" and be under "common control" or have a "unified operation." 29 U.S.C. § 203(r)(1); *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 518 (1973). If there is an enterprise, so long as two or more employees of that enterprise are engaged in interstate commerce, all of the employees are covered by the FLSA. 20 C.F.R. § 1620.7(a). That the FLSA groups together integrated enterprises in setting its own coverage suggests that the FLSA does not object to piercing the veil of these integrated enterprises. *Xiao*, 2022 WL 819096, at *9.

6

**B. The three restaurants do not constitute a single integrated enterprise**

In sum, Mr. Huang could potentially hold Spice 28 and A La Mousse liable as his employer, if those restaurants constitute a single integrated enterprise with his nominal employer, Bai Wei. But he has not pled nearly enough facts for this Court to conclude that these three restaurants plausibly form a single integrated enterprise. *See Ash*, 799 F.3d at 961–62.

To count as a single integrated enterprise, the entities must act in concert and in reliance upon each other to such an extent that the entities are separate in name only. *Browning-Ferris*, 691 F.2d at 1122. In assessing this, courts consider four factors:

- Do the companies share common ownership or financial control?
- How interrelated are the companies' operations?
- Do the companies share common management?
- Have the companies centralized control of labor relations?

*Pearson*, 247 F.3d at 486. The first factor seems to be met here; the others are not.

***First***, the restaurants are all owned by the Chens. But shared ownership, by itself, means little. *See Grane Health Care*, 712 F.3d at 150; *Goh v. Nori O Inc.*, No. 16-cv-2811, 2020 WL 7640518, at *4, 9 (D.N.J. Dec. 23, 2020). Companies remain "separate and distinct" entities even though owned by the same individuals. *Law of Corporations* § 41.30.

***Second***, the restaurants do not share interrelated operations. The restaurants are not "involved directly" in each other's "production, distribution, [and] marketing." *Lusk v. Foxmeyer Health Corp.*, 129 F. 3d 773, 778 (5th Cir. 1997). Instead, the restaurants operate independently, selling distinct products under their own names from their own storefronts. *Cf. Xiao*, 2022 WL 819096, at *6, 11 (restaurants both called "Szechuan Gourmet" shared website for orders); *Takacs*, 1999 WL 33117265, at *1–2 (companies shared headquarters, telephone number, and letterhead).

7

The restaurants have their own staffs. *See Lusk*, 129 F.3d at 778. One employee did work at Spice 28 before moving to Bai Wei, and another employee moved from Bai Wei to A La Mousse. But the employees do not move freely between the two restaurants, working one shift at one restaurant and the next at another. *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 981 (4th Cir. 1987); *cf. Xiao*, 2022 WL 819096, at *11 (employees of one restaurant often transported by management to impromptu shifts at other restaurant).

Plus, the restaurants do not seem to have "commingled" their resources. *Lusk*, 129 F.3d at 778. True, the restaurants shared utensils and some basic ingredients like eggs, oil, and noodles. And Bai Wei does sell cakes from A La Mousse, and provide daily meals to employees at A La Mousse. But these few shared ingredients and meals do not mean that the restaurants pull freely from a joint coffer, or from each other's coffers. Their "assets and liabilities" remain separate. *Herman v. Blockbuster Entertainment Grp.*, 18 F. Supp. 2d 304, 309–10 (S.D.N.Y. 1998); *cf. Perez-Benites*, 2011 WL 1978414, at *11 (company freely drew on the other's bank account).

***Third*** and ***fourth***, Mr. Huang has not plausibly pled that the restaurants share a common management, nor that they share centralized control of labor relationships. Per Mr. Huang, Wen He Wang managed the employees at Bai Wei. But Mr. Huang has not named a single supervisor for Spice 28 or A La Mousse or said who made the "important decision[s]" at those two restaurants, like "hiring [the] workforce, determining initial salaries and benefits," and setting schedules— much less explained how these unidentified managers fit into the broader enterprise. *Grane Health Care*, 712 F.3d at 151; *see Ash*, 799 F.3d at 961. Mr. Huang has also not plausibly alleged that the restaurants share common employment policies, such as with tip distribution or personal time off. *See Martin*, 423 F. Supp. 3d at 435; *Marsteller*, 2017 WL 4286364, at *2. Nor does he suggest

8

that they share a central payroll department that pays the servers and chefs at each restaurant. *Cf. Martin*, 423 F. Supp. 3d at 439; *Takacs*, 1999 WL 33117265, at *2.

Looking to the totality of the circumstances, Mr. Huang has articulated, at most, several episodic sharing events within a "business relationship" between Bai Wei, Spice 28, and A La Mousse. *Xiao*, 2022 WL 819096, at *10. These few shared activities do not plausibly turn these three restaurants from distinct, albeit related, entities into a single integrated enterprise, such that Spice 28 and A La Mousse count as Mr. Huang's employer.

No doubt, the bar to plead a single integrated enterprise should not be set too high. Non-managerial employees like Mr. Huang often have little to no pre-suit knowledge of "payroll and taxation documents, disciplinary records, internal corporate communications, or leadership and ownership structures." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 149 (3d Cir. 2014). But Mr. Huang must still provide enough facts to plausibly justify piercing the veils of restaurants at which he has never worked. He has not done so. The Court thus grants Spice 28 and A La Mousse's motion for judgment on the pleadings, but without prejudice. If Mr. Huang has additional pertinent factual details to add, he may seek leave to file an amended complaint.

## II. Mr. Huang has not plausibly pled that Anna Chen is his employer

Mr. Huang has sued Jack Chen and Anna Chen, Bai Wei's owners, plus We He Wang, Bai Wei's manager. Anna Chen moves for judgment on the pleadings, asserting that she should be dismissed from the suit because she does not count as Mr. Huang's employer.

Under the FLSA, the employee's "employer" includes both the entity that pays his paycheck and "any person[s] acting directly or indirectly" in the entity's interest "in relation to [the] employee"—*i.e.*, the owners and managers. 29 U.S.C. § 203(d). In other words, both the entity and its operators can be held jointly and severally liable for any FLSA violations. *See Thompson*, 748 F.3d at 148, 153.

But a mere title is not enough to hold a particular individual liable. *Mackereth v. Kooma, Inc.*, No. 14-cv-4824, 2015 WL 2337273, at *7 (E.D. Pa. May 14, 2015). The owner or manager must have actually "*act[ed]*," 29 U.S.C. § 203(d)—that is "exercise[d] supervisory authority over" the employee and have been "responsible in whole or part for" the claimed labor violation, *Thompson*, 748 F.3d at 153 (internal quotation marks omitted).

In deciding if an owner has had "significant control" over an employee, courts look to four factors:

- Does the owner have the authority to hire and fire?
- Does the owner have the authority to assign work and set conditions of employment, like pay and hours?
- Does the owner engage in day-to-day supervision, including disciplining employees?
- Does the owner have control over employee records, like payroll and taxes?

*In re Enterprise Rent-A-Car Wage & Hour Emp. Practices Litig.*, 683 F.3d 462, 468–69 (3d Cir. 2012).

Mr. Huang has not plausibly asserted that Ms. Chen actually supervised him, such that she can count as his employer. Mr. Huang states that Anna Chen is a joint owner and manager of Bai Wei. He asserts that she "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records." Compl. ¶ 32, Doc. No. 1. That barebones allegation simply parrots the legal test. *See Twombly*, 550 U.S. at 555. It is "entirely devoid of specificity." *Xiao*, 2022 WL 819096, at *6.

Mr. Huang has not said that Ms. Chen has hired or fired any *specific* employees, or set any *specific* schedules, or assigned any *specific* tasks. *Cf. Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 523 (W.D. Pa. July 12, 2021). Indeed, Mr. Huang has not even mentioned a

single interaction he has had with Ms. Chen. *Cf. Thompson*, 748 F.3d at 154. Without such details, he has not plausibly shown that she had any control over him, such that she can count as his employer. The Court thus grants Ms. Chen's motion for judgment on the pleadings without prejudice.

## CONCLUSION

Mr. Huang has not plausibly pled that Bai Wei, Spice 28, and A La Mousse constitute a single integrated enterprise. Nor has he plausibly pled that Anna Chen actually supervised him and so counts as his employer. The Court thus grants Spice 28, A La Mousse, and Anna Chen's motion for judgment on the pleadings. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE