IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YE MING HUANG,<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAKURA MANDARIN, INC. *et al.*,<br>*Defendants* | : | No. 21-3757 |

## MEMORANDUM

PRATTER, J.                                                                SEPTEMBER 28, 2022

Plaintiff Ye Ming Huang claims that a restaurant underpaid him and his co-workers. Individually and on behalf of all other similarly situated, he seeks to bring a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, against that restaurant, and so he has submitted a motion for conditional collective certification and notice to similarly situated persons under 29 U.S.C. § 216(b). Defendants Sakura Mandarin, Inc., Chili Bamboo LLC, Dessert Pop, Inc, Wen He Wang, Jack Chen, and Anna Chen have submitted briefing in opposition to Mr. Huang's motion, and the Court heard oral argument on the issue on April 22, 2022. Mr. Huang's motion is therefore ripe for decision. The Court will deny Mr. Huang's motion for conditional collective certification, without prejudice, for the reasons set forth below.

### BACKGROUND

Ye Ming Huang worked as a cook at Bai Wei, a restaurant in Chinatown owned by Sakura Mandarin Inc., from June 2018 to May 2021. According to Mr. Huang's complaint, he worked 70 hours a week and made a flat rate of about $4,000 to $4,400 per month. He did not have fixed breaks or set mealtimes. When he did get a break, it could be cut short at any time if a customer ordered food. He was never given an hourly pay rate, nor told of tip deductions towards his wages. He alleges that he never received a pay stub in Mandarin, his native language. Mr. Huang's complaint claims that he and other current and former non-exempt employees who are or were

1

employed by the defendants for the last three years were not properly compensated at one-and-one-half times their promised work for all hours worked in excess of 40 hours per week.[1]

Mr. Huang submitted a motion for conditional certification of an FLSA collective on February 28, 2022, in which the putative collective is described as "the named Plaintiffs and all nonexempt current and former employees of Defendants SAKURUA [sic]  MANDARIN f/d/b/a Bai Wei d/b/a Bai Wei; CHILI BAMBOO LLC d/b/a Spice 28; and DESSERT POP INC d/b/a A La Mousse . . . who performed work as non-exempt, non-managerial employees from August 23, 2018 to present."[2] Pl.'s Aff. in Supp. of the Mot. for Conditional Certification, Doc. No. 19, ¶ 2. The defendants, in their opposition to the motion, argue that the motion must be denied because the affidavit is unreliable, defines the proposed collective as a group in which Mr. Huang is not a member, and, ultimately, is without sufficient detail to meet Mr. Huang's requisite burden.

LEGAL STANDARDS

Under § 7 of the FLSA, certain employees working over 40 hours a week must receive compensation at rate of at least one and one-half times his or her regular rate for hours worked above that threshold. 29 U.S.C. § 207(a)(1). An employee may bring a FLSA action on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). This is not a class action, but a collective action, in which potential plaintiffs must opt in to join the suit. *Id.*

---

[1]     Despite the language set forth in Mr. Huang's complaint indicating that he was asserting an hourly claim, his counsel confirmed that Mr. Huang's only claim relates to failure to pay wages at the legally required rate for all hours worked in excess of forty hours per week. *See* Compl. ¶ 70, Doc. No. 1; Apr. 22, 2022 Oral Arg. Tr., Doc. No. 33, at 6:8–24.

[2]     While Mr. Huang's motion for conditional collective certification was pending, this Court ruled on a motion for judgment on the pleadings filed by defendants Chili Bamboo LLC, Dessert Pop, Inc., and Ms. Chen. Doc. No. 13. After finding that Mr. Huang had not plausibly pled that Bai Wei, Chili Bamboo LLC, and Dessert Pop, Inc. constituted a single integrated enterprise, or that Ms. Chen had actually supervised Mr. Huang, the Court granted the motion for judgment on the pleadings and dismissed Chili Bamboo LLC, Dessert Pop Inc., and Ms. Chen from the suit. Doc. No. 26. Therefore, the putative collective is narrowed to Mr. Huang and other current and former employees of Sakura Mandarin only.

In the Third Circuit, courts follow a two-step path to collective actions. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). First, the Court conditionally certifies the action once the named plaintiff has made "a modest factual showing—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him . . . and the manner in which it affected the proposed collective action members." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (internal quotation marks omitted). The proposed collective action members then receive notice of the action and have the chance to opt in. *Id.* Discovery carries on, with a focus on the new opt-in plaintiffs. *Id.* at 225–26. "At the step-one inquiry, the Court does not weigh the evidence, resolve factual disputes, or reach the merits of Plaintiff's claims. . . . The Court does not, however, review Plaintiff's evidence in a vacuum. It reviews Plaintiff's evidence in light of the evidence submitted by Defendants." *Reed v. Empire Auto Parts, Inc.*, No. 13-cv-5220, 2015 WL 761894, at *3 (E.D. Pa. Feb. 23, 2015) (internal quotation omitted).   Despite being fairly lenient, the modest factual showing standard "does not compel automatic certification at the notice stage." *Mitchell v. Covance, Inc.*, 438 F. Supp. 3d 341, 346 (E.D. Pa. 2020).

In the second step of the collective certification process, once all the opt-in plaintiffs are settled, the Court considers all the evidence to determine whether the opt-in plaintiffs actually are similarly situated to the named plaintiff. *Halle*, 842 F.3d at 226. "This step may be triggered by the plaintiffs' motion for 'final certification,' by the defendants' motion for 'decertification,' or, commonly, by both." *Camesi*, 729 F.3d at 243. While in the initial step the Court decides whether similarly situated plaintiffs actually exist, in the following step the Court must determine whether the opting in plaintiffs are in fact similarly situated to the named plaintiffs. *Zavala v. Wal Mart*

*Stores Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012). The named plaintiffs must prove this by a preponderance of the evidence in the final certification stage. *Halle*, 842 F.3d at 226.

## DISCUSSION

Mr. Huang is the sole named plaintiff in this case, and he seeks to represent a collective of all current and former non-managerial employees employed by any of the three restaurants at any time in the three years prior to the date this complaint was filed. This case is poised on the first step of the collective action certification process, so Mr. Huang must make a "modest factual showing" that he and his co-workers at Sakura Mandarin were similarly situated. To be similarly situated, employees must be "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Id.*

According to Mr. Huang, he and other employees regularly worked 70 hours a work for a flat rate of about $4,000 a month. He and his co-workers never received overtime pay. They were never informed of tip reductions. Nor were they given weekly wage statements, so they had no indication of their hourly rate or any deductions made from their pay.

These could count as potential common employer practices. If an employee works more than 40 hours in a week, he must receive overtime pay of one and one-half times his hourly salary. 29 U.S.C. § 207(a)(1). Though restaurants can offset an employee's hourly wage by tips, the restaurant must tell employees that it intends to do so, and it must permit the employees to keep all the tips received. 29 U.S.C. § 203(m)(2)(A). And restaurants must keep records of the employee's hours worked (including all overtime hours) and wages paid and deductions taken. 29 U.S.C. § 211(c); 29 C.F.R. § 825.500(c).

But just because these practices *could* be common to the restaurant does not mean that they plausibly *are*. Resting entirely on his own affidavit, Mr. Huang has not made the "modest factual showing" required for conditional certification. As his sole evidence in support of his motion, Mr.

4

Huang submits an affidavit identifying eight other employees, all of whom are alleged to have worked similar hours as Mr. Huang and other kitchen staff, and four of whom are alleged to have received similar pay as Mr. Huang. He claims he knows that the other employees also worked 70 or more hours a week because he and the others "would arrive and leave at the same time." Huang Aff. ¶ 31, Doc. No. 19-4. And he says he knows how much the others were paid because he and the others "talked about how much everyone got paid." Huang Aff. ¶ 32, Doc. No. 19-4. This affidavit takes a small step towards the required proof. It does identify specific other employees, in two instances providing full names of those employees, and provides some personal knowledge suggesting that they are also not being paid overtime. *Cf. DiFlavis v. Choice Hotels Int'l Inc.*, No. 18-cv-3914, 2020 WL 610778, at *15–16 (E.D. Pa. Feb. 6, 2020) (denying conditional certification motion where named plaintiff did not identify any other specific underpaid employees but instead "generally name[d] 'every other Clarion Hotel Housekeeper' as a potential similarly situated individual" and claimed other employees were underpaid because she "just [didn't] know why it would be different for anybody else").

Mr. Huang's lone affidavit is not enough, however, to make the "modest factual showing" required here. Mr. Huang must provide some additional documentation: his own pay stubs or work schedules, affidavits from his co-workers, or records and documents kept by Sakura Mandarin. He has produced none of these options. *See* Apr. 22, 2022 Oral Arg. Tr., Doc. No. 33, at 10:13–19, 11:11–13 ("[Mr. Huang] only ha[s] what he observed. . . . That means what he put in his affidavit, he observed everybody arriving and leaving at the same time each day, everybody working 6 days a week. . . . None of [the other employees] have approached [plaintiff's counsel], and [plaintiff's counsel] ha[s] not solicited anyone."); *see also DiFlavis,* 2020 WL 610778, at *16 ("[The plaintiff] fails to include any pay stubs, time sheets, or any other information concerning other housekeepers

that even remotely allows the Court to make any preliminary finding that this case can legitimately proceed as a collective action."); *Goldstein v. Children's Hosp. of Philadelphia*, No. 10-CV-1190, 2012 WL 5250385, at *3 (E.D. Pa. Oct. 24, 2012) (denying conditional certification where the plaintiff's declaration was founded on her "experience working with, talking to and observing [her] coworkers"). The defendants, in their opposition to the motion for conditional certification, submitted alleged payment documents that Mr. Huang produced during discovery, but the documents are in Mandarin and untranslated by either party, making them of little practical use in the Court's determination of the present motion. *See* Defs.' Ex. B, Doc. No. 22-2, at ECF 28–47; *cf. DiFlavis*, 2020 WL 610778, at *16 (faulting named plaintiff for not submitting "any pay stubs [or] time sheets" for other employees); *Williams v. Bob Evans Restaurants, LLC*, No. 18-cv-1353, 2022 WL 1120048, at *10 (W.D. Pa. Apr. 14, 2022) (rejecting conditional certification of overtime claim where named plaintiffs submitted just "one pay stub each").

It is possible that Mr. Huang has had difficulty meeting his burden because he no longer works at Sakura Mandarin, and he does not assert that he is presently in contact with any of his former coworkers. But that does not excuse his failure to avail himself of discovery or otherwise recruit current or former employees of Sakura Mandarin to help support his claim.

The defendants, for their part, have largely left the Court to analyze Mr. Huang's affidavit "in a vacuum" because they have not submitted evidence that would rebut Mr. Huang's claims that conditional certification is appropriate here. *Reed*, 2015 WL 761894, at *3; *cf. Williams*, 2022 WL 1120048, at *6 (named plaintiffs did not show common practice sufficient for conditional certification where they had "merely speculate[d]" that other employees had not been given notice of tip credit *and* defendant had produced declarations and tip notices from almost 100 employees showing that employees had actually been given notice). Instead of producing pay documents

within their possession to disprove Mr. Huang's claims, the defendants focus most of their efforts toward convincing the Court to disregard Mr. Huang's affidavit altogether, suggesting that it is a "sham affidavit."[3] "A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 254 (3d Cir. 2007). But within the Third Circuit, if there is corroborating evidence to establish that the affiant was "understandably mistaken, confused, or not in the possession of all the facts during the previous deposition," courts may refuse to disregard the affidavit. *Id.* (internal quotation marks omitted). The defendants point out several discrepancies between the complaint and the affidavit. *See* Defs.' Mem. in Opp'n to Pl.'s Mot. for Conditional Certification, Doc. No. 22, at 12–13 (noting that Mr. Huang's dates of work are allegedly "not possible to harmonize" with the dates he states other individuals worked with him at Sakura Mandarin and that Mr. Huang claims the defendants produced no wage-related documents to him even though in discovery Mr. Huang produced some alleged pay documents in Mandarin). These inconsistencies do not mean that the affidavit is a sham. For one, Mr. Huang's counsel drafted the complaint, while Mr. Huang drafted the affidavit. Plus, Mr. Huang does not speak English. In Mandarin, he told a translator what to include in the affidavit, and the translator wrote it down in English. The translator then orally translated the affidavit back to Mandarin and confirmed with Mr. Huang that the affidavit was accurate. Some of these inconsistencies could be attributed to translational errors. The Court will therefore not

---

[3]     The defendants also spend some time in their briefing opposing conditional certification to argue that Mr. Huang is not a member of the proposed collective because, as a chef, he is properly classified as an exempt salaried managerial employee. Defs.' Mem. in Opp'n to Pl.'s Mot. for Conditional Certification, Doc. No. 22, at 20–21. While this defense may prove valid, the Court declines to weigh this argument on the merits at this time, in the context of a motion for conditional certification. *See Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 63–64 (E.D. Pa. 2009) ("The merits of Plaintiff's claims do not need to be evaluated at this [conditional certification] stage in order for notice to be approved and sent out to proposed conditional collective action members . . . .").

entirely disregard Mr. Huang's affidavit, despite the defendants' argument, because it finds there is corroborating evidence to explain these mistakes.[4]

But even assuming that the affidavit is entirely truthful, Mr. Huang has simply not served up sufficient information to meet even the modest burden required for the Court to certify a collective action at this point. With only his affidavit in hand, containing mere observations of Mr. Huang's former coworkers, the evidence is too "speculative, conclusory, and vague" for the Court to determine that other current and former employees of Sakura Mandarin similarly situated to Mr. Huang exist. *DiFlavis,* 2020 WL 610778, at *16.

CONCLUSION

For the foregoing reasons, the Court denies Mr. Huang's motion for conditional certification and notice at this time. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[4]    The defendants note that that Mr. Huang's affidavit is dated February 16th, 2022, while the notary's attestation is dated February 16th, 2021. Huang Aff., Doc. No. 19-4, at ECF 9. The defendants also argue that the notary, Mr. Huang's counsel, did not indicate where he was physically located when he notarized Mr. Huang's signature and speculate that his omission suggests that he was not physically present in New York state when he notarized the affidavit, as required by then-Governor Cuomo's Executive Order permitting remote authorization. The Court did not rely on these typographical or scrivener's errors in coming to its conclusion on the pending motion. Nevertheless, the Court takes this opportunity to remind all counsel of their duties under the Pennsylvania Rules of Professional Conduct, including the duty of diligence, and strongly urges that counsel take care to avoid any similar errors by adequately proofreading briefs and exhibits before submitting future filings. *See* Pa. R. Prof'l Conduct 1.3.