IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YE MING HUANG, | : | |
| Plaintiff, | : | |
| v. | : | |
| SAKURA MANDARIN INC | : | **CIVIL ACTION** |
|   f/d/b/a Sakura Mandarin | : | |
|   d/b/a Bai Wei; | : | |
| WEN HE WANG | : | **No. 21-cv-03757** |
|   a/k/a Wenhe Wang, | : | |
| JACK CHEN | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| YE MING HUANG, | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| v. | : | |
| BAI WEI LLC, | : | **No. 22-cv-03618** |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT**

On August 23, 2021, YE MING HUANG, through his attorneys, Troy Law, PLLC, filed a Complaint against SAKURA MANDARIN INC f/d/b/a Sakura Mandarin, d/b/a Bai Wei; WEN HE WANG a/k/a Wenhe Wang, and JACK CHEN (hereinafter "Sakura Mandarin Defendants") in the United States District Court for the Eastern District of Pennsylvania (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, 21-cv-03757 (the "Sakura Mandarin Complaint"). In his Complaint, Plaintiff alleged, *inter alia,* that he was employed as a chef by Defendants from on or about June 18, 2018 through May 2021 and that excepting for the period of time when the restaurant was under renovation from on or about July 15, 2018 and August 28, 2018 and again when the restaurant was closed during the COVID-19 pandemic from on or about March 15, 2020 to August 31, 2020, and that he was paid a flat monthly wage of between four thousand dollars ($4,000)

and four thousand four hundred dollars ($4,400), which did not include overtime compensation. *See* Sakura Mandarin Complt, ECF No. 1 ¶¶ 8-10, 35-47.

On September 9, 2022, Plaintiff filed a Complaint in the Court alleging FLSA and PMWA claims in the Court, 22-cv-03618 (the "Bai Wei Complaint") against BAI WEI LLC d/b/a Bai Wei (hereinafter "Bai Wei Defendant"). *See* Bai Wei Complt, ECF No. 1. The lawsuit was brought because while SAKURA MANDARIN, INC. did not dissolve as a corporate entity, BAI WEI LLC took over the restaurant. Specifically, Plaintiff alleged, *inter alia*, that Defendant BAI WEI LLC was formed on October 4, 2018 and took over the operations at the restaurant after the renovation. *See* Bai Wei Complt, ECF No. 1 ¶¶ 8-10, 35-47.

On May 9, 2024, the Parties were directed to attend a remote settlement conference before the Honorable Magistrate Judge Carol Sandra Moore Wells to be held on May 16, 2024, at 10 a.m. During said conference, the Parties engaged in extensive, arms-length settlement negotiations, which included detailed discussions of the merits of Plaintiff's claims and Defendants' anticipated defenses thereto, as well as the extent of Plaintiff's claimed damages.  At the conclusion of the conference, the Court recommended a settlement figure of Seventy-Six Thousand Five Hundred Dollars ($76,500.00) that the Parties accepted after the conference. Ultimately, the Parties reached the settlement in principle detailed in the attached Settlement Agreement and Release, a true and correct copy of which is attached hereto as Exhibit "A."

Although the Third Circuit has yet to address the question of whether wage claims under the FLSA may be settled without court approval, "district courts within the Circuit have followed the approached endorsed by a majority of courts and assumed that judicial approval

is necessary." *See Lyons v. Gerhad's, Inc.*, 2015 U.S. Dist. LEXIS 92348, at *6 n.1 (E.D. Pa. July 15, 2015); *see also Gabrielyan v. S.O. Rose Apartments, LLC*, 2015 U.S. Dist. LEXIS 135615, at *2-4 (D.N.J. Oct. 5, 2015). Accordingly, Plaintiff respectfully submits this Memorandum of Law in support of Plaintiff's Unopposed Motion for Approval of Settlement.

When considering whether to approve a proposed settlement of an FLSA wage claim, a district court must determine that: (1) the settlement resolves a bona fide dispute over FLSA provisions; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace. See Gabrielyan, 2015 U.S. Dist. LEXIS 135615, at *4-5; *see also Lyons,* 2015 U.S. Dist. LEXIS 92348, at *8; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

As discussed below, the proposed Settlement Agreement clearly satisfies these requirements and, as such, the Court should approve the parties' Settlement Agreement.

### A.     The Settlement Resolves a Bona Fide Dispute under the FLSA

When considering whether a proposed settlement agreement resolves a bona fide dispute under the FLSA, district courts look to see whether the agreement "'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute' and is not a 'mere waiver of statutory rights brought about by an employer's overreaching.'" See McGee v. Ann's Choice, Inc., 2014 U.S. Dist. LEXIS 75840, at *4-5 (E.D. Pa. June 4, 2014) (citing Lynn's Food Stores, 679 F.2d at 1355). In order to make this determination, the court must be provided with "a description of 'the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise.'" See Brumley

v. Camin Cargo Control, Inc., 2012 U.S. Dist. LEXIS 40599, at *18 (D.N.J. 2012) (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

As evidenced by the pleadings, this lawsuit involves a bona fide dispute regarding both liability and damages under the Fair Labor Standards Act, including, but not limited to: (a) the equivalent hourly wage rate; (b) the number of overtime hours worked by Plaintiff; (c) the extent of Defendants' knowledge of the overtime hours Plaintiff worked; (d) Plaintiff's entitlement to liquidated damages on any amounts owed to him under the FLSA; and (e) the applicability of a three (3) year, "willful violation" statute of limitations under the FLSA. See Sakura Mandarin and Bai Wei Compl. and Answer,

Accordingly, the proposed Settlement Agreement in this matter clearly resolves a bona fide dispute over FLSA provisions. *See Gabrielyan*, 2015 U.S. Dist. LEXIS 135615, at *4-5.

### B.    The Settlement Is Fair and Reasonable to the Plaintiff-Employee

As Judge Robreno recently explained, the Court should consider the total settlement amount, including attorneys' fees and costs, when considering whether the settlement is fair and reasonable to the Plaintiff. *Solkoff v. Pa. State Univ.*, 435 F. Supp. 3d 646, 655 (E.D. Pa. 2020); *see also Evans v. Jeff D.*, 475 U.S. 717, 731-32 (1986), superseded by statute on other grounds, (noting that attorneys' fees do not belong to the attorney but are instead part of the plaintiff's "arsenal of remedies"). Under the proposed Settlement Agreement, Plaintiff is entitled to Forty-Eight Thousand Dollars ($48,000) compared with the best possible case scenario recovery of One Hundred and Nineteen Thousand One Hundred and Thirty-Seven Dollars and Fifty-Seven Cents ($119,137.57), or around forty percent (40%) of the recovery.

Under the FLSA, '[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("there is no reason at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."); *Lazy Oil Co.,* 95 F. Supp. 2d at 318 (settling defendant's ability to pay greater amounts was outweighed by the risk that the plaintiffs would not be able to achieve any greater recovery at trial).

Furthermore, the attorneys' fees and costs which Plaintiff's counsel stands to receive under the proposed Settlement Agreement – which amount to approximately thirty-seven percent (37%) of the total Settlement Amount – are fair, reasonable, and consistent with the contingent fee agreement entered into by Plaintiff at the onset of this litigation, which provided for the reimbursement of costs advanced by Plaintiff's counsel.

Notwithstanding the above, a Lodestar cross-check reveals the reasonableness of the award of fees to Plaintiff's counsel. In this regard, the Lodestar in this case is fifty-nine thousand two hundred and thirteen dollars and seventy-six cents ($59,213.76) for Sakura Mandarin and twenty-three thousand eight hundred and thirty-four dollars and thirty-three cents ($23,299.23) for Bai Wei. *See* Declaration of Tiffany Troy, attached hereto as Exhibit "B." The Lodestar was calculated by multiplying hours counsel or Troy Law staff worked on this matter by the hourly rate.

The multiplier in this case (i.e. Lodestar cross-check), taking into account all hours expended by Plaintiff's counsel in the litigation, is therefore **0.35**

($28,500/$82,512.99 =0.35). This amount is consistent with the award of attorneys' fees in FLSA common fund cases in the Third Circuit. *See Mabry v. Hildebrandt*, 2015 U.S. Dist. LEXIS 112137, at *9 (E.D. Pa. Aug. 24, 2015) ("In this Circuit, the percentage of recovery award in FLSA common fund cases ranges from roughly 20-45%.") (collecting cases); *see also Krell v. Prudential Ins. Co. of Am.(in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (quoting 3 Herbert Newberg & Alba Conte, Newberg on Class Actions, § 14.03, at 14-15 (3d ed. 1992)).

Accordingly, the Settlement is clearly fair and reasonable to the Plaintiff.

### C. The Agreement Does Not Frustrate the Implementation of the FLSA in the Workplace

Finally, the Court should approve the Settlement Agreement because it is a reasonable resolution for Plaintiff and does not frustrate the implementation of the FLSA in the workplace. As a preliminary matter, the Settlement Agreement embodies the Parties' agreement, upon substantial investigation and arms' length negotiations, being adequately represented by counsel, to resolve all of Plaintiff's wage and hour claims against Defendants. Moreover, while the Settlement Agreement does contain a limited confidentiality provision prohibiting voluntary public disclosure by Plaintiff of the settlement terms, it does not prevent him from responding to inquiries from current or former employees regarding the settlement. Moreover, a copy of the Settlement Agreement is being filed on the public docket in recognition of the "strong presumption [that] FLSA settlements should be available for public view." *See Lyons v. Gerhard's Inc.,* 2015 WL 4378514, *3 (E.D. Pa July 16, 2015).

Furthermore, the Settlement Agreement does not provide for a general release of Plaintiff's non-wage related claims, one common basis for denying approval to settlements under the FLSA. *See, e.g., Howard v. Phila. Housing Auth.*, 197 F. Supp. 3d 773, 779 (E.D. Pa. 2016). Accordingly, the release of claims contained in the Settlement Agreement does not represent employer overreach, but rather "the fair result of a balanced negotiation, in which Plaintiff [] [was] represented by able counsel." *Id.*

In sum, because the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions without frustrating the purposes of the FLSA, the Court should approve Plaintiff's Unopposed Motion for Approval of Settlement. *See Mabry v. Hildebrandt*, 2015 U.S. Dist. LEXIS 112137, at *5 (E.D. Pa. Aug. 24, 2015) (noting that, absent impermissible confidentiality clause, settlement would not frustrate the purposes of the FLSA where settlement agreement provided due compensation for alleged unpaid overtime work and resolution of the claims via trial would be expensive and difficult for plaintiff due to Defendants' continued denial of liability).

Accordingly, Plaintiff respectfully requests that the Court find the Settlement Agreement reached between the Parties represents a fair, reasonable, and adequate resolution of Plaintiff's claims against Defendants under the FLSA, and enter an order, substantially in the form attached hereto as Exhibit "C," approving the Settlement Agreement.

> Respectfully submitted,
> **TROY LAW, PLLC**
> By: */s/ Tiffany Troy*
> Tiffany Troy, Esq.
>
> 41-25 Kissena Blvd, Suite 110
> Flushing, NY 11355
> Tel: (718) 762-1324
> TiffanyTroy@TroyPllc.com
> *Attorneys for Plaintiff*

Dated: May 18, 2024